IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JUDITH TURNAGE**                                                                                          **PLAINTIFF**

v.                                                                         CIVIL ACTION NO.: 3:23-cv-338-CWR-LGI

**JACKSON/HINDS LIBRARY SYSTEM**                                                    **DEFENDANT**

## COMPLAINT
## JURY TRIAL DEMANDED

**COMES NOW** Plaintiff, Judith Turnage, by and through counsel, Watson & Norris, PLLC, brings this action against the Jackson/Hinds Library System, to recover damages for violations of her rights pursuant to the Family and Medical Leave Act of 1993 for FMLA interference and retaliation, race discrimination in violation of Title VII, race discrimination in violation of U.S.C. 42 §1981, and age discrimination in violation of the Age Discrimination Act in Employment of 1967 against Defendant Jackson/Hinds Library System. In support of this cause, Plaintiff would show unto the Court the following facts to-wit:

## THE PARTIES

1.     Plaintiff, Judith Turnage, is an adult female resident of Hinds County, Mississippi. Plaintiff is an eligible employee as currently defined by the FMLA.

2.     Defendant, Jackson/Hinds Library System, may be served with process by serving Floyd Council, Executive Director of the Jackson/Hinds Library System, at the Margaret Walker Alexander Library, 2525 Robinson Street, Jackson, Mississippi 39209. The Defendant is a covered employer as currently defined by the FMLA.

## JURISDICTION AND VENUE

3.     This Court has federal question jurisdiction for actions that arise under the

FMLA, Title VII, 42 U.S.C. § 1981 and the ADEA.

4. This Court has subject matter jurisdiction and venue is proper in this Court.

5. Plaintiff timely filed a Charge of Discrimination with the EEOC, on October 10, 2022, a true and correct copy of which is attached as Exhibit "A." Plaintiff timely filed an Amended Charge of Discrimination with the EEOC, on November 14, 2022, a true and correct copy of which is attached as Exhibit "B." The EEOC issued a Dismissal and Notice of Right to Sue on March 2, 2023, a true and correct copy of which is attached as Exhibit "C." Plaintiff timely files this cause of action within ninety (90) days of receipt of her Dismissal and Notice of Right to Sue.

## STATEMENT OF FACTS

6. Plaintiff is a 70-year-old white female resident of Hinds County, Mississippi.

7. Plaintiff was hired on February 1, 2016, as an Executive Secretary at the Jackson/Hinds Library System (JHLS).

8. Plaintiff was hired into her position of Executive Secretary by the former Executive Director, Patricia Furr (white female).

9. During Plaintiff's tenure in the position of Executive Secretary, Plaintiff consistently received very positive job performance reviews.

10. In June 2020, Ms. Furr was terminated by JHLS.

11. She (Ms. Furr) subsequently filed a lawsuit against JHLS for Race Discrimination, Age Discrimination, Wrongful Termination, Due Process, and Tortious Interference against JHLS Board President Ricky Jones.

12. After Ms. Furr was terminated, in March 2022, the Executive Director position was filled by Floyd Council (black male).

13. Initially, Plaintiff continued in her role as the Executive Secretary, reporting now to Mr. Council.

14. In May 2022, Plaintiff suffered a burst appendix and complications from surgery.

15. Subsequently, Plaintiff went out on FMLA leave to receive medical treatment for this condition.

16. Plaintiff was approved for FMLA leave beginning June 1, 2022.

17. While Plaintiff was out on FMLA leave, on June 22, 2022, Mr. Council placed Nixcola Jones (52-year-old black female) into the position of Executive Secretary, i.e., Plaintiff's position.

18. Mr. Council assured Plaintiff that she would be placed into a different yet equivalent position when she returned.

19. On September 6, 2022, Plaintiff returned to work.

20. When Plaintiff arrived, however, it became evident that no effort had been made to provide her with an equivalent position to which she could return.

21. On September 7, 2022, Human Resources Director Laura Jane Glascoff (white female) told Plaintiff to return home.

22. Plaintiff stated that she and Mr. Council would have her (Plaintiff) return to work when they had a position ready for her.

23. During the afternoon of September 7, 2022, Plaintiff participated in a conference call with Mr. Council and Ms. Glascoff.

24. During that call, Plaintiff complained that she was legally entitled to return from FMLA leave to an equivalent position.

25. Mr. Council assured Plaintiff that she would be allowed to return to an equivalent position on September 14, 2022.

26. On September 14, 2022, Plaintiff returned to work.

27. At that time, Ms. Glascoff, along with Deputy Director Kim Corbett (white female) informed Plaintiff that she (Plaintiff) would now begin working as a Library shelver.

28. Whereas prior to taking FMLA leave, Plaintiff had worked as a secretary with the executive administration of JHLS, she was then placed in a menial manual labor job available at JHLS.

29. Plaintiff contends this new position is not remotely equivalent position to that which she filled prior to taking FMLA leave.

30. Moreover, Plaintiff believes the decision to place her in the position of shelver was deliberately meant to humiliate her and to exacerbate the race-based discrimination and harassment she suffered when her position was replaced by a lesser qualified and significantly younger black female, i.e., Ms. Jones.

31. On October 10, 2022, Plaintiff filed an EEOC Charge of Race and Age Discrimination against JHLS.

32. On November 14, 2022, Plaintiff amended her previously filed EEOC Charge (423-2023-00055) against JHLS.

33. On that same day, November 14, 2022, in response to Plaintiff's Charge, JHLS submitted a Position Statement to the EEOC.

34. JHLS's Position Statement alleges that "Plaintiff enjoys continued employment with the JHLS and accepted a position for which she originally applied with no change in pay or hours."

35. While Plaintiff concedes that she has not been subjected to a change in her pay or hours, her schedule of work was changed to be a five-day work week working five hours per day as opposed to the work schedule stated on September 14, 2022 (four-day work week). Furthermore, Plaintiff adamantly contends that being returned to the position of shelver is not an equivalent position as required by the FMLA.

36. Prior to her FMLA leave, Plaintiff was an Executive Secretary.

37. This was and continues to be an administrative position.

38. The shelver position, by contrast, is significantly more physically demanding and menial in nature and is not an administrative position.

39. Plaintiff contends that Mr. Council sent an internal email to JHLS staff announcing an "internal employment opportunity", i.e., Plaintiff's position of Executive Secretary, on May 20, 2022, before Plaintiff had even begun taking her FMLA leave, which started on June 1, 2022.

40. Ms. Jones was selected and placed in her administrative role only a few weeks after Plaintiff started her FMLA leave.

41. During the time Plaintiff was on FMLA leave, she learned that her position had been replaced, and she was understandably upset.

42. Ms. Glascoff initially assured Plaintiff that Plaintiff would take on the equivalent and administrative position of a Volunteer Coordinator.

43. Although cautious, Plaintiff endeavored to shift gears toward the idea of this new position.

44. Discussions about this position continued for several weeks.

45. During early to mid-September 2022, however, when Plaintiff returned from her FMLA leave, it became evident that the Volunteer Coordinator position was never a serious possibility.

46. Abruptly changing course from previous conversations, Ms. Glascoff stated to Plaintiff, "We have someone else in mind for that job [the Volunteer Coordinator]".

47. No further explanation was offered; moreover, the administrative position of Volunteer Coordinator was never created and was fictitious.

48. Thus, in contrast to JHLS's allegation that Plaintiff "enjoy"[s] continuous employment and that she "accepted" the shelver position, Plaintiff contends that she was essentially forced into the non-equivalent shelver position, and given no acceptable alternative, further exacerbating the discrimination against her race and age and in retaliation against her use of FMLA.

## CAUSES OF ACTION

### COUNT I:  VIOLATION OF THE FMLA - INTERFERENCE

49. Plaintiff incorporates by reference all preceding facts as set forth in Paragraphs 1 through 48.

50. It is unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the FMLA.

51. As a result of Defendant's interference with Plaintiff's rights to take leave pursuant to the FMLA described above, Plaintiff has suffered and continues to suffer significant lost pay and benefits which would have accrued had she been placed in an administrative position as Volunteer Coordinator.

52. The willful conduct of Defendant is evidenced by a consciously indifferent attitude towards employee's rights under the FMLA.  As a result of this conduct, liquidated

damages should be assessed against Defendant.

53. Plaintiff also seeks all other relief, at law or in equity, to which she may show herself justly entitled.

## COUNT II: VIOLATION OF THE FMLA - RETALIATION

54. Plaintiff incorporates by reference all preceding facts as set forth in Paragraphs 1 through 53.

55. It is unlawful for any employer to discharge or discriminate against any individual for opposing any practice made unlawful by the FMLA.

56. As a result of Defendant's retaliatory acts described above, Plaintiff has suffered and continues to suffer significant lost pay and benefits which would have accrued had she been placed in an administrative position as Volunteer Coordinator.

57. The willful conduct of Defendant is evidenced by a consciously indifferent attitude towards employee's rights under the FMLA and its subsequent retaliation against Plaintiff. As a result of this conduct, liquidated damages should be assessed against Defendant.

58. Plaintiff also seeks all other relief, at law or in equity, to which she may show herself justly entitled.

## COUNT III: RACE DISCRIMINATION – VIOLATION OF TITLE VII

59. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 58 above as if fully incorporated herein.

60. Defendant has discriminated against Plaintiff because of her race based on the facts identified above which constitutes a violation of Title VII of the Civil Rights Act of 1964.

61. Plaintiff has suffered lost wages, benefits and other pecuniary losses which would have accrued had she been placed in an administrative position as Volunteer Coordinator as well as deep humiliation, anxiety and emotional distress.

62. The unlawful actions of Defendant complaint of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff giving rise to to both compensatory and punitive damages under Title VII.

## COUNT IV: RACE DISCRIMINATION - VIOLATION OF 42 U.S.C. § 1981

63. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 62 above as if fully incorporated herein.

64. Defendant has discriminated against Plaintiff because of her race based on the facts identified above which constitutes a violation of 42 U.S.C. § 1981.

65. Plaintiff has suffered lost wages, benefits which would have accrued had she been placed in an administrative position as Volunteer Coordinator and other pecuniary losses as well as deep humiliation, anxiety and emotional distress.

66. The unlawful actions of Defendant complaint of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff giving rise to to both compensatory and punitive damages under 42 U.S.C. § 1981.

## COUNT V: AGE DISCRIMINATION – VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967

67. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 66 above as if fully incorporated herein

68. Defendant has been discriminated against Plaintiff because of her age based on the facts identified above which constitutes a violation of the Age Discrimination Act in Employment of 1967.

69. As a result, Plaintiff has suffered and continues to suffer lost wages, benefits and other pecuniary losses which would have accrued had she been placed in an administrative position as Volunteer Coordinator.

70. The unlawful actions of Defendant complaint of above were willful, were taken in reckless disregard of the statutory rights of Plaintiff and entitle Plaintiff to liquidated damages.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that the Court cause service to issue in this cause upon the Defendant and that this matter be set for trial. Upon trial by jury thereon, Plaintiff prays that the following relief be granted:

1. Back wages;
2. Reinstatement (promotion) or front pay in lieu of reinstatement (promotion);
3. Lost benefits and other pecuniary losses which would have accrued had she been placed in an administrative position as Volunteer Coordinator;
4. Liquidated damages;
5. Compensatory damages;
6. Punitive damages;
7. A tax gross-up and all make whole relief;
8. All costs, disbursements, pre-judgment interest, post-judgment interest, expert witness fees, and reasonable attorney's fees allowed under the FMLA, Title VII, 42 U.S.C. § 1981 and the ADEA; and
9. Such further relief as is deemed just and proper.

THIS the 25th day of May 2023.

    Respectfully submitted,

    JUDITH TURNAGE, PLAINTIFF

    By: /s Louis H. Watson, Jr.
        LOUIS H. WATSON, JR.  (MB# 9053)
        NICK NORRIS (MB# 101574)
        Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive #365
Flowood, Mississippi 39232-9212
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
louis@watsonnorris.com
nick@watsonnorris.com